SEMPLE ET AL., APPELLEES, *v.* HOPE ET AL., APPELLANTS.

[Cite as Semple *v.* Hope (1984), 15 Ohio St. 3d 372.]

(Nos. 84-355 and 84-356—Decided December 31, 1984.)[1]

---

[1] This case was originally commenced as two separate actions but was consolidated into a single decision at each level of the proceedings below. Although two case numbers appear, this court likewise has consolidated the cases into a single opinion.

*Musca & Miralia, Mr. John F. Norton* and *Mr. Anthony J. Musca,* for appellees.

*Burke, Haber & Berick Co., L.P.A., Mr. Joseph F. Lombardo* and *Mr. Kenneth J. Walsh,* for appellants.

CELEBREZZE, C.J., The issue presented in the case *sub judice* is whether an emergency vehicle, responding to an emergency with lights flashing and having sounded its siren, may travel left of center through an intersection to avoid stopped traffic. Appellants argue essentially that an emergency vehicle may not travel left of center to avoid stopped traffic at an intersection and that to do so constitutes negligence *per se.*

The resolution of this appeal requires an examination of several statutes pertaining to the conduct of traffic upon a roadway.

Initially, R.C. 4511.25 specifies the circumstances under which a vehicle may travel left of center. R.C. 4511.25 provides in relevant part:

"(A)  Upon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway except as follows:

"* * *

"(2)  When an obstruction exists making it necessary to drive to the

left of center on the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such a distance as to constitute an immediate hazard * * *.''

R.C. 4511.29 further states that:

''No vehicle or trackless trolley shall be driven to the left of center of the roadway in overtaking and passing traffic proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made, without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken. * * *''

Additionally, R.C. 4511.45 provides:

''Upon the approach of a public safety vehicle, equipped with at least one flashing, rotating or oscillating light visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle and the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right of way, immediately drive to a position parallel to, and as close as possible to, the right edge or curb of the highway clear of any intersection, and stop and remain in such position until the public safety vehicle has passed, except when otherwise directed by a police officer.

''Upon the approach of a public safety vehicle, as stated in the first paragraph of this section, the operator of every streetcar or trackless trolley shall immediately stop such car clear of any intersection and keep it in such position until the public safety vehicle has passed, except when otherwise directed by a police officer.

''This section does not relieve the driver of a public safety vehicle from the duty to drive with due regard for the safety of all persons and property upon the highway.''

Reading the foregoing statutes, we conclude that an emergency vehicle, responding to an emergency with lights flashing and having sounded its siren, may travel left of center through an intersection to avoid stopped traffic as long as due regard is maintained for the safety of others. We thereby reject appellants' argument that appellee was negligent *per se*.

In the case at bar, appellee traveled left of center to avoid an obstruction, *i.e.*, the halted traffic in his lane of travel. Thus, it cannot be said that appellee violated either R.C. 4511.24 or 4511.29.

With respect to R.C. 4511.45, appellant Hope was required to yield the right of way to approaching public safety vehicles that have flashing lights and are emitting an audible siren. The jury was properly instructed in part as follows:

''Now, when the operator of a public safety vehicle claims the right of way to proceed through a red signal light, or to operate in excess of the speed limit, or to travel to the left of a double yellow line, or the left of

center, while traversing an intersection claiming the privilege of said vehicle to be operated contrary to the traffic rule, the burden is upon him, Mr. Semple, in this case, to show that he was proceeding with due regard for the safety of other persons and property in the roadway.

"Now, what about the duty upon Mr. Hope driving the taxicab? The law applies to him as well. With respect to that vehicle, the law is as follows: Upon the approach of a public safety vehicle which is making an audible sound and flashing a rotating or oscillating light, other motorists must yield the right of way, immediately drive to a position parallel to and as close as possible to the right side of the highway clear of any intersection, and then stop and remain stopped until the public safety vehicle has passed.

"Now, the driver of another vehicle is not negligent in failing to heed the siren or flashing lights on the emergency vehicle unless it is established by a preponderance of the evidence that he should, in the exercise of ordinary care, have heard the siren or seen the flashing lights.

"To prove the Defendant negligent in this case, you have to find that he neither heard the siren, saw the lights, [n]or, under the circumstances then and there prevailing in the exercise of ordinary care should have heard or seen them.

"* * *

"A motorist generally has no duty to yield the right of way to a public safety vehicle unless and until appropriate warning of the approach of such vehicle has been given, and he is not liable to sustain a collision with such vehicle if, in fact, such warnings were not given."

In returning a verdict in favor of appellees, the jury necessarily found that appellee Murray Semple had engaged the patrol car's flashing lights and siren on his approach to the intersection and had acted with due regard for the safety of others. Moreover, the jury necessarily found that appellee Hope either had or should have heard the siren and seen the flashing lights of the approaching emergency vehicle and failed to yield the right of way. That being the case, appellants' argument that appellee Murray Semple was operating his patrol car through the intersection in an unlawful manner is without merit. We conclude, therefore, that appellee Murray Semple did not lose his "preferential status" as the driver of an emergency vehicle by operating his vehicle unlawfully. Cf. *Parton* v. *Weilnau* (1959), 169 Ohio St. 145 [8 O.O.2d 134], at paragraph three of the syllabus.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.