THE STATE OF OHIO, APPELLEE, *v.* YOUNG, APPELLANT.

(No. 1367—Decided July 14, 1988.)

*Gregory J. DeFloria,* city prosecutor, for appellee.

*Gwinn & Wallace* and *Susan L. Gwinn,* for appellant.

McCORMAC, J. Defendant-appellant, Kevin W. Young, appeals the judgment of the Athens County Municipal Court which found him guilty of violating R.C. 4511.44 by failing to yield to approaching traffic. Defendant asserts the following assignment of error:

"The trial court erred in interpreting section 4511.44 to require motorist[s] to yield the right-of-way to illegally operated oncoming traffic."

On April 10, 1987, defendant was driving southbound on U.S. Route 33 through Nelsonville when he noticed a traffic jam caused by an accident. To avoid the traffic jam, Young pulled into a private driveway leading to the Nelsonville Sewage Treatment Plant and turned around.

At this point, U.S. Route 33 has three lanes — a southbound, a northbound, and a center lane, which is a turning lane only.

Young wanted to turn north onto U.S. Route 33. He waited in the private driveway until a car in the southbound lane of U.S. Route 33 motioned for him to go. Young drove across the southbound lane before he turned north. He testified that he looked to see if there was any traffic coming but he could not see anything until he got to the center lane because his vision was blocked by stopped traffic.

Officer Waggoner was traveling southbound on U.S Route 33 in the center turn lane going thirty miles an hour. He testified that he was trying to get to a car accident and that he could not travel in the normal lane because it was backed up. Officer Waggoner had on his warning lights, but not his siren. He testified that he was trying to turn on his siren, which is located on the floor. When he looked up, Young's car was across the center lane. The two cars collided.

Defendant argues that the trial court erred in interpreting R.C. 4511.44 to require motorists to yield the right-of-way to illegally operated oncoming traffic.

R.C. 4511.44 specifies that a driver entering or crossing a highway from any place other than another roadway shall "yield the right-of-way to all traffic approaching on the roadway to be entered or crossed." R.C. 4511.01(UU) states that:

" 'Right of way' means the right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle * * * ap-

proaching from a different direction into its or his path."

This definition of right-of-way must be used in conjunction with R.C. 4511.44. See *Beers* v. *Wills* (1962), 172 Ohio St. 569, 18 O.O. 2d 128, 179 N.E. 2d 57. Thus, in order to find a defendant guilty of the criminal violation of R.C. 4511.44, it is necessary to find that defendant failed to yield to a vehicle proceeding uninterruptedly in a lawful manner because those are the elements of the offense. It is not sufficient simply to find that defendant was negligent, careless or at fault, partially or totally, in causing the accident.

The issue then is whether the police officer proceeding in the turn-only lane at thirty miles an hour displaying warning lights, but not using his siren, was proceeding in a lawful manner. That question must be answered in the negative. An operator of a public safety vehicle may drive in a turn-only lane lawfully only if he uses at least one flashing, rotating, or oscillating light visible under normal atmospheric conditions from a distance of five hundred feet from the front of the vehicle and he gives an audible signal by siren, exhaust whistle, or bell. R.C. 4511.45. The evidence is clear that the police officer failed to give an audible signal and that, therefore, he lost his preferential status as the driver of an emergency vehicle by operating his vehicle unlawfully. See *Semple* v. *Hope* (1984), 15 Ohio St. 3d 372, 15 OBR 491, 474 N.E. 2d 314. In *Semple,* the Supreme Court found that the police officer had not lost his preferential right-of-way status, as the jury necessarily found that defendant either had, or should have, heard the siren and seen the flashing lights of the approaching emergency vehicle and failed to yield the right-of-way. (Contrary to this case, there was evidence that both the flashing lights and siren were used.) The latter part of R.C. 4511.45 provides that, even if the driver of the public safety vehicle does display a flashing light and sound a siren, he still has the duty to drive with due regard for the safety of all persons and property upon the highway. This part of R.C. 4511.45 provides an additional condition (rather than a substitute condition) upon the driver of the public safety vehicle to retain his preferential right-of-way status. Moreover, there was not due regard for the safety of all persons and property on the highway when the police officer drove thirty miles an hour in a turn-only lane, particularly when he failed to use his siren.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to enter final judgment for defendant.

*Judgment reversed
and cause remanded.*

GREY, P.J., and STEPHENSON, J., concur.

JOHN W. MCCORMAC, J., of the Tenth Appellate District, sitting by assignment.