**REHM et al., Appellants,**

v.

**GENERAL MOTORS CORPORATION et al., Appellees.**

[Cite as *Rehm v. Gen. Motors Corp.* (2001), 143 Ohio App.3d 226.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 00CA007585.

Decided Jan. 24, 2001.

Ernest E. Hume, Jr., and Terry S. Schilling, for appellants.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *M. Robert Flanagan,* Assistant Prosecuting Attorney, for appellees.

*Todd M. Raskin, John T. McLandrich* and *Jeffery T. Kay,* for appellees.

*John L. Keyse–Walker,* for appellees.

---

BAIRD, Presiding Judge.

Tamela L. Rehm ("Tamela") appeals the trial court's judgment granting summary judgment to the Lorain County Engineers and Board of Commissioners of Lorain County (collectively "Lorain County") in this case. We affirm.

## I

On December 22, 1996, Matthew Rehm ("Matthew") was driving south on Quarry Road in Lorain County when his airbag suddenly inflated. Matthew was unable to operate his car and struck the end of a guardrail located off the northbound side of Quarry Road. Matthew's car was catapulted up into a Turnpike overpass located over Quarry Road and eventually landed back down on Quarry Road, roof side down. Matthew died as a result of injuries caused during the accident.

Tamela, Matthew's wife, filed suit individually and as next of kin against General Motors Corporation, Lorain County, and John Doe Corporations on December 22, 1998. Tamela voluntarily dismissed defendants General Motors Corporation and John Doe Corporations. Tamela alleged that Lorain County was grossly negligent and engaged in wanton and willful misconduct regarding the design and maintenance of Quarry Road. Lorain County answered, asserting a defense of governmental immunity pursuant to R.C. 2744.03(A)(1).

Lorain County moved for summary judgment on the grounds that it was immune from suit because Tamela could not meet an exception to immunity under R.C. 2744.02(B). Tamela responded, stating that the guardrail was a nuisance and that Lorain County had constructive notice of the danger posed by the guardrail. On December 13, 1999, the Lorain County Court of Common Pleas found that there was no genuine issue of material fact and entered summary judgment for Lorain County.

Tamela timely appealed to this court.

## II

Assignment of Error No. 1:

"The trial court erred when it determined there were no genuine issues of material fact, and that the defendants-appellees, Lorain County Engineers and Lorain County Board of Commissioners, were entitled to judgment as a matter of law. The plaintiffs-appellants assert two areas of genuine issues of material fact: (A) the guardrail struck by the decedent, Matthew Rehm, was a nuisance in Quarry Road; and (B) defendants-[appellees] had constructive notice thereof."

In her first assignment of error, Tamela contends that the trial court erred by granting Lorain County's summary judgment motion. Therein she argues that Lorain County is liable under R.C. 2744.02(B)(3) for failing to keep the roadway "open, in repair, and [free] from nuisance," and that such failure was the proximate cause of Matthew's death.

■ Pursuant to Civ.R. 56(C), summary judgment is proper if (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192–1193. An appellate court review of a lower court's entry of summary judgment is *de novo,* applying the same standard used by the trial court. *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272, 1274–1275.

■ The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. *Id.* Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. *Id.* The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791, 793–794.

In the present case, Lorain County moved for summary judgment, asserting governmental immunity under R.C. 2744.02(A)(1). Under R.C. 2744.02(A)(1), political subdivisions are generally immune from liability for tort claims connected with a governmental or proprietary function. This broad grant of immunity is subject to several exceptions, which are listed under R.C. 2477.02(B). If one of

the R.C. 2744.02(B) exceptions does not apply, then Lorain County was entitled to summary judgment.

Lorain County's motion for summary judgment included a copy of Tamela's interrogatory answers, an affidavit verifying the police report, a complete copy of the police report, including a scale diagram of the accident site, pages from Tamela's deposition, and an affidavit of Kenneth Carney, Lorain County Engineer.

We begin by noting that R.C. 2744.02(A)(1) applies to this case. Next, we must determine if an R.C. 2744.02(B) exception applies. R.C. 2744.02(B)(3) states, "[P]olitical subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, * * * in repair, and free from nuisance." The Supreme Court of Ohio has held that in determining a duty "under R.C. 2744.02(B)(3), the focus should be on whether a condition exists within the political subdivision's control that creates a danger for ordinary traffic on the regularly travelled portion of the road." *Manufacturer's Natl. Bank of Detroit v. Erie Cty. Rd. Comm.* (1992), 63 Ohio St.3d 318, 322, 587 N.E.2d 819, 823.

Tamela's brief in opposition to Lorain County's motion for summary judgment asserts that the guardrail on Quarry Road was a nuisance and that Lorain County had constructive notice of the nuisance. Tamela states that the guardrail at the time of the accident was anchored in concrete, a type–A construction. This type–A anchor design is no longer recommended for use in a clear zone, like the area where the guardrail was located on Quarry Road. Tamela relies on a March 17, 1998 Ohio Department of Transportation ("ODOT") letter stating this recommendation as evidence that Lorain County was on constructive notice of the danger posed by the design of the guardrail on Quarry Road. The 1998 letter documents that this change was recommended in 1993, and she asserts that Lorain County was on constructive notice since 1993.

Tamela admits that the guardrail was not located on the pavement of the road. However, she argues that the guardrail was in the right of way. Her argument is that the guardrail on Quarry Road was designed to keep vehicles from hitting the bridge abutment, an event that happens frequently enough to require the existence of a guardrail on that road. Her brief is supported by a map of Lorain, a diagram of the type–A anchor design, an affidavit verifying the police report, the complete police report, photographs of the accident site, the March, 17, 1998 letter from ODOT, regulations for roadside design, Kenneth Carney's deposition, and Carney's affidavit of corrections to his deposition.

Lorain County's reply brief relied on three previous decisions from this court to support its position that the guardrail was not a condition directly jeopardizing

the safety of ordinary traffic on the regularly traveled portion of the highway. See *Maier v. Norton* (June 11, 1997), Summit App. No. 18002, unreported, 1997 WL 332455; *Tingler v. Elyria* (Sept. 11, 1996), Lorain App. No. 96CA006345, unreported, 1996 WL 515535; *Gonzalez v. Cuyahoga Falls* (Nov. 3, 1993), Summit App. No. 15891, unreported, 1993 WL 468298.

■ A guardrail is designed to stop or direct vehicles in an emergency situation. *Tingler,* Lorain App. No. 96CA006345, unreported, at 8. "[A] guardrail that is located off the road which does not affect normal traffic on that road is not within the statutory definition of 'nuisance.'" *Maier,* Summit App. No. 18002, unreported, at 7–8; see, also, *Tingler,* Lorain App. No. 96CA006345, unreported, at 8. We note that the parties agree that the guardrail in question was located off the northbound side of Quarry Road.

We find that Tamela's circular reasoning regarding the guardrail in the right of way is unpersuasive. This court has previously held that a guardrail not in the right of way is not a condition directly jeopardizing the safety of ordinary traffic on the regularly traveled portion of the highway and therefore does not satisfy the statutory meaning of a nuisance. *Maier,* Summit App. No. 18002, unreported, at 8; *Tingler,* Lorain App. No. 96CA006345, unreported, at 7–8; R.C. 2744.02(B)(3). Accordingly an exception to R.C. 2477.02 does not apply and Lorain County was entitled to summary judgment.

Tamela's first assignment of error is overruled.

## III

Assignment of Error No. 2:

"The trial court erred when it determined Ohio Revised Code Section 2744.02(A)(1) is not unconstitutional."

Tamela argues that R.C. 2744.02(A)(1) is unconstitutional in violation of Section 16, Article I of the Ohio Constitution. The Supreme Court of Ohio has held that "R.C. 2744.02(B)(1) is a constitutional exercise of legislative authority which does not violate the guarantees of equal protection of the Ohio and United States Constitutions because its grant of limited immunity of political subdivisions is rationally related to legitimate state interest." *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 669–670, 653 N.E.2d 1186, 1190. We find Tamela's second assignment of error is meritless and we overrule it.

## IV

Assignment of Error No. 3:

"The trial court erred when it did not strike the affidavit of Kenneth P. Carney, Lorain County Engineer, in granting defendants appellees' motion for summary judgment."

In her final assignment of error, Tamela argues that Carney's corrections to his deposition created questions surrounding his credibility making summary judgment improper. We disagree.

In addition to other evidence, Carney's August 19, 1999 affidavit, September 22, 1999 deposition, and September 27, 1999 corrections to his deposition were before the trial court when it granted summary judgment to Lorain County. In our review of the first assignment of error, we found that summary judgment was based on Tamela's failure to meet an exception to Lorain County's statutory immunity. Sources independent of Carney's affidavit and deposition established the fact that the guardrail on Quarry Road was located off the side of the road and, according to previous decisions of this court, the guardrail was not in the right of way. Lorain County's statutory immunity was not established by way of Carney's affidavit or deposition.

Accordingly Tamela's third assignment of error is overruled.

V

We overrule all three assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

SLABY and CARR, JJ., concur.