DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mark S. Shadoan, Administrator of the Estate of Megan Haley Shadoan, appeals from the judgment of the Summit County Court of Common Pleas which granted the motion for summary judgment of Appellees, Summit County Children Services Board ("CSB"), Jennifer Cogley, Colette Poulin, and Sandra Jackson. We affirm.
 {¶ 2} On September 30, 1999, Appellant filed a complaint against Appellees alleging wrongful death, negligence, bad faith and willful and wanton misconduct on the part of the CSB and its employees. Appellant dismissed the complaint without prejudice on August 13, 2001, due to the Supreme Court's decision in Marshall v. Montgomery County ChildrenServices Bd. (2001), 92 Ohio St.3d 348.
 {¶ 3} Thereafter, on April 8, 2002, Appellant re-filed the case seeking a declaratory judgment that R.C. 2744 et seq. was unconstitutional. Each party filed a motion for summary judgment. Appellees sought summary judgment on the basis of sovereign immunity and lack of proximate cause while Appellant sought a declaration that the applicable statutes were unconstitutional. The trial court granted Appellees' motion for summary judgment thereby finding that R.C. 2744 et seq. was constitutional. It is from this order that Appellant timely appealed raising five assignments of error. Assignments of error one through four have been consolidated to facilitate review.
 ASSIGNMENT OF ERROR I
"The trial court erred in failing to find [R.C. 2744.01] et seq. unconstitutional, violating the right to remedy, guaranteed by ArticleI, Section 16 of the Ohio Constitution."
 ASSIGNMENT OF ERROR II
"The trial court erred in failing to find [R.C. 2744.01] et seq. unconstitutional, violating the right to a jury trial, guaranteed by Article I, Section 5 of the Ohio Constitution."
 ASSIGNMENT OF ERROR III
"The trial court erred in failing to find [R.C. 2744.01] et seq. unconstitutional, violating the Due Process Clause of Article I, Section16 of the Ohio Constitution."
 ASSIGNMENT OF ERROR IV
"The trial court erred in failing to find [R.C. 2744.01] et seq. unconstitutional, violating the Equal Protection of the law, as guaranteed by Article I, Section 2 of the Ohio Constitution."
 {¶ 4} In these assignments of error, Appellant maintains that R.C. 2744.01 et seq. is unconstitutional. Specifically, Appellant asserts that the statutes violate 1) the due process and right to remedy clauses as provided for in Article I, Section 16 of the Ohio Constitution; 2) the right to a jury trial as guaranteed by Article I, Section 5 of the Ohio Constitution; and 3) the Equal Protection Clause of Article I, Section 2
of the Ohio Constitution. For the following reasons, Appellant's assignments of error are not well taken.
 {¶ 5} R.C. 2744.01 et seq. provides, with certain exceptions, for the immunity of political subdivisions; political subdivisions are "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). In contrast, Article I, Section 16 of the Ohio Constitution provides that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law[.] Suits may be brought against the state, in such courts and in such manner, as may be provided by law." Article I, Section 2 of the Ohio Constitution provides that government is instituted for the people's equal protection and benefit. Additionally, Article I, Section 5 indicates that the right to trial by jury shall be inviolate.
 {¶ 6} We begin by acknowledging that all legislative enactments enjoy a presumption of validity and constitutionality. Adamsky v. BuckeyeLocal School Dist. (1995), 73 Ohio St.3d 360, 361. Thus, a statute should be held void only when it has been proven unconstitutional beyond a reasonable doubt. Fabrey v. McDonald Police Dept. (1994),70 Ohio St.3d 351, 352.
 {¶ 7} Although we recognize that in Butler v. Jordan (2001),92 Ohio St.3d 354, a plurality of the Supreme Court expressed the belief that R.C. 2744 et seq. may be unconstitutional, a majority of the court did not concur in that opinion. In fact, some of the justices expressed opposing views in a spirited dissent. "Furthermore, no appellate court in this state has followed the Butler plurality's opinion and found [R.C. 2744 et seq.] unconstitutional." Walker v. Jefferson Cty. Bd. ofCommrs., 7th Dist. No. 02 JE 14, 2003-Ohio-3490, at ¶ 20. See, also, Bundy v. Five Rivers Metroparks, 152 Ohio App.3d 426,2003-Ohio-1766, at ¶ 45; Ratcliff v. Darby, 4th Dist. No. 02CA2832,2002-Ohio-6626, at ¶ 25; Eischen v. Stark Cty. Bd. of Commrs., 5th Dist. No. 2002CA00090, 2002-Ohio-7005, at ¶ 20. See Shalkhauser v.Medina, 148 Ohio App.3d 41, 2002-Ohio-222, at ¶ 11, fn1; Rehm v.General Motors Corp. (2001), 143 Ohio App.3d 226, 231; Witt v. FairfieldPublic School District (April 22, 1996), 12th Dist. No. CA95-10-169. Thus, until the plurality's views command a majority on the Ohio Supreme Court, we will not strike down the legislation as unconstitutional. SeeWalker at ¶ 20; Bundy at ¶ 45; Ratcliff at ¶ 25. See, also, Fabrey, 70 Ohio St.3d at 354-55 (finding that Article I, Section 16
of the Ohio Constitution does not endow citizens with the fundamental right to sue political subdivisions). Accordingly, Appellant's first, second, third, and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR V
"The trial court erred, to the prejudice of [Appellant], by finding no genuine issue of material fact existed on the issue of bad faith and willful conduct on the part of [Appellees]."
 {¶ 8} In her fifth assignment of error, Appellant asserts that the trial court erred when it concluded that no genuine issue of material fact existed in regards to his allegations of bad faith and willful conduct on the part of Appellees. We disagree.
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial[.]" Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 11} Pursuant to R.C. 2744.03(A)(6), if a party puts forth evidence showing that a political subdivision's actions "were with malicious purpose, in bad faith, or [done] in a wanton or reckless manner[,]" the defense of immunity would no longer be available to the subdivision. See Cobb v. Mantua Twp. Bd. of Trustees, 11th Dist. No. 2000-P-0127, 2001-Ohio-8722.
 {¶ 12} In order for a malicious purpose to exist, there must be ill will or enmity of some sort. Cook v. Hubbard Exempted Village Bd. ofEdn. (1996), 116 Ohio App.3d 564, 569. Malice includes "`the willful and intentional design to do injury, or the intention or desire to harm another * * * through conduct which is unlawful or unjustified.'" Id., quoting Jackson v. Butler Cty. Bd. of Cty. Commsrs. (1991),76 Ohio App.3d 448, 453. The term "bad faith" embraces more than a simple misjudgment or negligence. Cook, 116 Ohio App.3d at 569. "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, [or] breach of a known duty through some ulterior motive or ill will[.]" Id., quotingJackson, 76 Ohio App.3d at 454.
 {¶ 13} One acts recklessly "`if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." Jackson,76 Ohio App.3d at 454, quoting Thompson v. McNeill (1990), 53 Ohio St.3d 102,104-105. Wanton conduct is the complete failure to exercise any care whatsoever. Fabrey, 70 Ohio St.3d at 356. However, mere negligence will not be construed as wanton misconduct in the absence of evidence establishing a disposition of perversity on the part of the tortfeasor; the actor must be aware that his conduct will probably result in injury. Id.
 {¶ 14} Generally, issues regarding malice, bad faith, and wanton or reckless behavior are questions presented to the jury. Fabrey,70 Ohio St.3d at 356. However, the standard for showing such conduct is high. Thus summary judgment is appropriate in instances where one's actions "show that he did not intend to cause any harm * * *, did not breach a known duty through an ulterior motive or ill will, [and] did not have a dishonest purpose[.]" Fox v. Daly (Sept. 26, 1997), 11th Dist. No. 96-T-5453, quoting Hackathorn v. Preisse (1995), 104 Ohio App.3d 768,772.
 {¶ 15} In the present case, Appellant has failed to set forth facts demonstrating that Appellees' actions were done with a malicious purpose, in bad faith, or in a wanton or reckless manner so as to lose immunity under R.C. 2744.03(A)(6). Appellant has not alleged that Appellees failed to exercise any care whatsoever or acted with the intent, purpose, or design to injure. In fact, the evidence presented indicates that the CSB worker involved in this case sought to make the requisite contacts, within the specified time periods, but was not in compliance due to the fact that the home address of the child was unknown by the referent. Moreover, the referent, Benita Irons, was unable to be reached at the contact numbers she left with the hot-line phone worker. Thus, the facts, when considered in a light most favorable to Appellant, do not establish, or even allege, that a known duty was breached by Appellees with some ulterior motive or ill will. See Cobb, supra. Furthermore, even if we were to assume that Appellees' actions constituted negligence, the fact that the agency may have been negligent in its operations is simply insufficient, as a matter of law, to rebut the presumption of immunity. See id. Accordingly, summary judgment was properly granted. Appellant's fifth assignment of error is overruled.
 {¶ 16} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, J., and Whitmore, J. Concur.