DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Brooke and Marvin Cunningham, appeal the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, the City of Akron and Douglas Matson. This Court affirms.
 I. {¶ 2} Appellants filed a personal injury action against appellees as a result of an automobile accident that occurred on April 17, 2003, between appellant Brooke Cunningham and Officer Douglas Matson of the City of Akron Police Department. The accident occurred at the intersection of Home Avenue and Tallmadge Avenue in Akron, Ohio.
 {¶ 3} On February 28, 2005, appellees moved for summary judgment on the basis of sovereign immunity pursuant to R.C.2744.01(A), 2744.02(A)(1), and 2744.03(A)(6). Appellants filed a memorandum in opposition to appellees' motion for summary judgment. Appellees moved to strike various exhibits attached to appellants' memorandum. The trial court struck all of the exhibits attached to appellants' memorandum with the exception of the transcript of appellant Brooke Cunningham's trial in Akron Municipal Court for failure to yield to emergency vehicles' lights and sirens. The trial court granted appellees' motion for summary judgment after finding that Officer Matson and the City of Akron were entitled to immunity pursuant to Chapter 2744 of the Ohio Revised Code.
 {¶ 4} Appellants timely appealed, setting forth two assignments of error for review. The assignments of error have been rearranged to facilitate review.
 II. SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEES' MOTION TO STRIKE."
 {¶ 5} In their second assignment of error, appellants argue that the trial court erred in striking certain exhibits that were attached to their memorandum opposing summary judgment. This Court disagrees.
 {¶ 6} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. Lance Acceptance Corp. v. Claudio, 9th Dist. No. 02CA008201, 2003-Ohio-3503, at ¶ 15, citing Spier v. Am.Univ. of the Caribbean (1981), 3 Ohio App.3d 28, 29. Those materials are affidavits, depositions, transcripts of evidence, written admissions, answers to interrogatories, written stipulations of fact, and the pleadings. Civ.R. 56(C). The court may consider documents that are not expressly mentioned in Civ.R. 56(C) provided that such documents are "accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." Countrywide Home Loans, Inc. v. Rodriguez, 9th Dist. Nos. 03CA008345 03CA008417, 2004-Ohio-4723 at ¶ 9, citingModon v. Cleveland (Dec. 22, 1999), 9th Dist. No. 2945-M.
 {¶ 7} In the present case, appellees moved to strike certain exhibits attached to appellants' memorandum opposing summary judgment. The trial court granted appellees' motion to strike with regard to the traffic crash report and photographs of the accident which gave rise to the litigation, municipal court entries, and an expert report. The court did not strike the transcript of appellant Brooke Cunningham's trial in municipal court. It is undisputed that the exhibits which were stricken were not accompanied by an affidavit or otherwise authenticated. On appeal, appellants claim specifically that the trial court erred in striking the traffic crash report, the post collision photos, the traffic ticket issued to appellant Brooke Cunningham, and the municipal court journal entry finding Brooke Cunningham not guilty because they were written admissions by the City of Akron and therefore admissible under Evid.R. 801. This Court finds that these exhibits do not meet the definition of an admission by a party opponent. This Court further finds that the report prepared by Bernard Richard does not qualify as an admission by a party opponent.
 {¶ 8} Appellants further argue that by striking the above mentioned documents, the trial court granted summary judgment on a mere technicality. As this Court will discuss in appellants' next assignment of error, it is clear that trial court did not grant summary judgment in favor of appellees on a technicality. Appellant's second assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING THE APPELLEES' MOTION FOR SUMMARY JUDGMENT, BECAUSE ALL REASONABLE MINDS WOULD NOT FIND THAT OFFICER MATSON WAS RESPONDING TO AN EMERGENCY CALL, AND EVEN IF HE WERE, REASONABLE MINDS COULD FIND THAT HIS CONDUCT WAS RECKLESS."
 {¶ 9} Appellants argue that the trial court erred in granting summary judgment to appellees, because genuine issues of material fact exist regarding whether Officer Matson was responding to an emergency call, whether Officer Matson was reckless in relation to the accident, and whether Matson and the City of Akron are immune from liability. This Court disagrees.
 {¶ 10} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 11} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 12} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
Summary Judgment: Officer Matson
 {¶ 13} In their memorandum opposing summary judgment, appellants argued that genuine issues of material fact existed regarding whether Officer Matson was responding to an emergency call when his police cruiser collided with appellant's vehicle. On appeal, appellants claim that whether Matson was responding to an emergency call is an issue that should be submitted to a jury at trial. This Court disagrees.
 {¶ 14} R.C. 2744.01(A) defines an "emergency call" as a "call to duty." In Colbert v. Cleveland, 99 Ohio St.3d 215,2003-Ohio-3319, at ¶ 15, the Supreme Court of Ohio refined the definition of "call to duty" to include "a situation to which a response by a peace officer is required by the officer's professional obligation." The Colbert court specifically rejected the argument that a "call to duty" required the presence of "an inherently dangerous situation." Colbert at ¶ 11.
 {¶ 15} A review of this record reveals the following. Officer Matson and his partner, Officer Herstich, witnessed a Chevy Lumina run a red light at the intersection of Tallmadge Avenue and Breiding. Officer Matson attempted to follow the Lumina in order to get its license plate number. However, as the police cruiser attempted to catch up to the Lumina, the Lumina darted into the Citgo gas station at the corner of Industrial and Tallmadge. Due to his position in traffic, Officer Matson had to drive past the Citgo station. Officer Matson then noticed that the Lumina quickly pulled back out onto Tallmadge Avenue. Officer Matson observed the Lumina three or four cars behind the cruiser and testified that the Lumina appeared to be positioned "as if trying to avoid them." The Lumina and the cruiser were both traveling westbound. Officer Matson then noticed that the Lumina quickly turned right onto Home Avenue. Officer Matson continued westbound until he was able to turn around and head eastbound in pursuit of the Lumina. Based upon Officer Matson's observation of the Lumina committing a traffic violation and the driver's subsequent attempt to avoid detection and apprehension, this Court finds that Officer Matson was responding to an "emergency call" as defined in R.C. 2744.01(A).
 {¶ 16} Appellants also argued in their memorandum opposing summary judgment that genuine issues of material fact existed regarding whether Matson acted in a willful, wanton or reckless manner in relation to the accident so as to exempt him from any statutory immunity provisions. Appellants now argue that whether Matson was willful, wanton or reckless was an issue that should be submitted to a jury at trial. This Court disagrees.
 {¶ 17} There is no dispute that Matson, as an Akron police officer at the time of the accident, was an employee of a political subdivision. R.C. 2744.03(A)(6) sets forth the circumstances under which an employee of a political subdivision is immune from civil liability for damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function. Pursuant to R.C. 2744.01(C)(1) and (2), police and law enforcement services constitute governmental functions.
 {¶ 18} R.C. 2744.03(A)(6) states:
"In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
"(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
"(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
"(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term `shall' in a provision pertaining to an employee."
 {¶ 19} There is no dispute that Matson was acting within the scope of his employment and official responsibilities at the time of the accident, so R.C. 2744.03(A)(6)(a) is inapplicable to negate Matson's immunity from liability. In addition, there is no evidence or argument that civil liability has been imposed upon Matson by a section of the Revised Code, so R.C. 2744.03(A)(6)(c) is also inapplicable to this matter. Appellants argued that Matson was reckless, willful, and wanton in his acts, so this Court analyzes any possible exception to immunity for Matson under R.C. 2744.03(A)(6)(b).
 {¶ 20} In their motion opposing summary judgment, appellants argued that Officer Matson acted in a willful, wanton, and reckless manner by violating certain traffic laws at the time of the accident. Specifically, appellants argued that Officer Matson accelerated upon entering the intersection when he should have decreased his speed. Appellants also argued that the fact Matson was traveling left of center at the time of the accident constituted willful, wanton, and reckless behavior. Appellants asserted that these violations demonstrated that Matson was operating his police cruiser with a willful, wanton, and reckless disregard for the safety of others.
 {¶ 21} This Court has adopted the definition of "wanton misconduct" as:
"[t]he failure to exercise any care toward one to whom a duty of care is owed when the failure occurs under circumstances for which the probability of harm is great and when the probability of harm is known to the tortfeasor." Shalkauser v. Medina,148 Ohio App.3d 41, 2002-Ohio-222, at ¶ 26, citing Brockman v. Bell
(1992), 78 Ohio App.3d 508, 515.
 {¶ 22} This Court has further adopted the definition of "willful misconduct" as:
"[a]n intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." Shalkauser at ¶ 27, quoting Tighe v. Diamond (1948),149 Ohio St. 520, 527.
 {¶ 23} This Court has previously stated that "`reckless' conduct refers to an act done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm and that this risk is greater than that necessary to make the conduct negligent." Shalkauser at ¶ 37, citing Thompson v. McNeill
(1990), 53 Ohio St.3d 102, 1041-05, citing 2 Restatement of the Law 2d, Torts (1965) 587, Section 500.
 {¶ 24} This Court recognizes that issues regarding recklessness are generally questions that are presented to a jury. Shadoan v. Summit Cty. Children Servs. Bd., 9th Dist. No. 21486, 2003-Ohio-5775, at ¶ 14. We have also recognized, however, that the standard for showing such conduct is high. Id. Therefore, summary judgment on the basis of immunity is appropriate where Officer Matson's actions show he had no knowledge or reason to know of facts that would lead a reasonable person to believe that his conduct created an unnecessary risk of physical harm.
 {¶ 25} Viewing the facts in the present case in the light most favorable to appellant, this Court finds that appellant has failed to set forth facts demonstrating that Officer Matson was acting in a willful, wanton, or reckless manner at the time of the accident so as to lose immunity under R.C. 2744.03(A)(6). This Court found above that Officer Matson was on an emergency call at the time of the accident. Officer Matson testified through deposition and at appellant's trial in municipal court that he turned on the overhead lights and sirens prior to entering the intersection. He further testified that he hit the air horn three to four times. Officer Matson stated that he brought the cruiser to a complete stop and waited for traffic in the intersection to come to a stop before entering the intersection.
 {¶ 26} Officer Nicholas Herstich, Officer Matson's partner, testified through deposition and at appellant's trial that Officer Matson turned on the lights and sirens before proceeding into the intersection. Officer Herstich also stated that Officer Matson utilized the air horn. Officer Herstich further testified that Officer Matson brought the cruiser to a complete stop and waited for traffic to stop before entering the intersection.
 {¶ 27} Stacey Weiss, a witness to the accident, testified at appellant's trial in municipal court. Ms. Weiss testified that she heard the "whoop-whoop" of the sirens and observed Officer Matson's cruiser hesitate before entering the intersection.
 {¶ 28} Officer Kenneth Clark, an accident reconstructionist with the City of Akron Police Department, also testified on behalf of the City of Akron at appellant's trial. Officer Clark testified that there are three positions in which to run the overhead lights on the police cruisers used by the Akron Police Department. Officer Clark stated that the sirens on the cruiser do not work until the lights are in the third position. Officer Clark went on to explain that you can't operate the sirens at all or the "whoop-whoop" part of the sirens unless you have all the lights activated.
 {¶ 29} This Court has reviewed Matson's actions prior to and at the time of the accident. Clearly, Matson owed a duty of care to exercise due regard for the safety of persons and property during the execution of his police duties. There is no evidence, however, that the probability of harm from Matson's traveling left of center was either great or known to Matson. Under these circumstances, Matson's actions cannot be classified as wanton misconduct, and no genuine issue of material fact exists.
 {¶ 30} There is also no evidence that Matson's actions constituted willful misconduct. As an officer on patrol, Matson had a duty to attempt to pull over the driver of the Lumina after witnessing it run a red light. Under these circumstances, Matson's actions cannot be classified as willful misconduct, and no genuine issue of material fact exists.
 {¶ 31} Furthermore, there is no evidence that Officer Matson knew or should have known that his conduct created an unnecessary risk of physical harm. Consequently, Matson's actions cannot be classified as reckless, and no genuine issue of material fact exists.
 {¶ 32} With regard to appellants' argument that Officer Matson was traveling left of center at the time of the accident, R.C. 4511.041 states:
"[Various enumerated traffic provisions of the Revised Code] do not apply to the driver of an emergency vehicle or public safety vehicle if the emergency vehicle or public safety vehicle is responding to an emergency call, is equipped with and displaying at least one flashing, rotating, or oscillating light visible under normal atmospheric conditions from a distance of five hundred feet to the front of the vehicle and if the driver of the vehicle is giving an audible signal by siren, exhaust whistle, or bell. This section does not relieve the driver of an emergency vehicle or public safety vehicle from the duty to drive with due regard for the safety of all persons and property upon the highway."
R.C. 4511.25, addressing lanes of travel upon roadways, is one of the enumerated traffic provisions in R.C. 4511.041. In addition, the Supreme Court of Ohio has held:
"[a]n emergency vehicle responding to an emergency with lights flashing and having sounded its siren, may travel left of center through an intersection to avoid stopped traffic as long as due regard is maintained for the safety of others." Semple v. Hope
(1984), 15 Ohio St.3d 372.
Therefore, the fact that Matson may have been traveling left of center when the accident occurred does not create an issue of fact regarding willful, wanton or recklessness conduct for the jury.
 {¶ 33} Moreover, there is no testimony whatsoever to indicate that Officer Matson accelerated upon entering the intersection. In fact, the testimony indicates just the opposite. Officers Matson and Herdstich both testified that Officer Matson brought the cruiser to a complete stop before entering the intersection. No evidence was presented to contradict the officers' testimony.
 {¶ 34} Given the above testimony, there was nothing to indicate that a reasonable person would have believed that such conduct created an unnecessary risk of physical harm under the circumstances. Therefore, Matson is immune from liability pursuant to R.C. 2744.03(A)(6), and the trial court properly granted summary judgment to Matson as against appellants.
Summary Judgment: City of Akron
 {¶ 35} Appellants argue that the trial court erred in granting summary judgment to the City of Akron, because questions of fact regarding whether appellee Matson was reckless in regard to the accident preclude the City of Akron from claiming immunity pursuant to R.C. 2744.02. This Court disagrees.
 {¶ 36} In determining whether a political subdivision such as the City of Akron is immune from liability, this Court must engage in a three-tier analysis. Cater v. Cleveland (1998),83 Ohio St.3d 24. The first tier is the premise under R.C.2744.02(A)(1) that:
"[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 37} The second tier involves the five exceptions set forth in R.C. 2744.02(B), any of which may abrogate the general immunity delineated in R.C. 2744.02(A)(1). The five exceptions include negligent operation of any motor vehicle by an employee; negligent acts by an employee with respect to proprietary functions; the political subdivision's negligent failure to maintain roads; employee negligence on political subdivision grounds due to physical defects on the grounds; and when civil liability is expressly imposed by statute. R.C.2744.02(B)(1)-(5). The only exception to political subdivision immunity which may be applicable in this case arises out of R.C.2744.02(B)(1), which states, in part:
"Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority."
 {¶ 38} There is no dispute that Matson was an employee of the City of Akron at the time of the accident, and that he was engaged within the scope of his employment and authority as a police officer. In addition, based on Matson's failure to comply with certain traffic statutes, as discussed above, which statutes imputed a duty to exercise due regard for the safety of persons and property, there may be a question of fact as to whether Matson was negligent in his operation of the police car at the time of the accident. The analysis does not stop here, however, because R.C. 2744.02(B)(1) further sets forth three full defenses to liability.
 {¶ 39} The applicable defense in this case grants a full defense to liability to:
"(a) A member of a municipal corporation police department or any other police agency [who] was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct[.]"
 {¶ 40} Having determined that Matson was operating the police car while responding to an emergency call, and that Matson's operation of the cruiser did not constitute willful or wanton misconduct, this Court finds that the City of Akron is immune from liability in this instance, and the trial court properly granted summary judgment to the City of Akron as against appellants.
 {¶ 41} Appellants' first assignment of error is overruled.
 III. {¶ 42} Appellants' two assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Whitmore, P.J. Moore, J. Concur
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)