[Cite as *Wolf v. Cleveland Div. of Police*, 2017-Ohio-7889.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105416**

## NOREEN WOLF

PLAINTIFF-APPELLEE

vs.

## CITY OF CLEVELAND
## DIVISION OF POLICE, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-833533

**BEFORE:** Jones, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 28, 2017

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Director of Law

Annette G. Butler
Shawn M. Mallamad
Assistant Directors of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEES**

David R. Grant
Plevin & Gallucci Co., L.P.A.
55 Public Square, Suite 2222
Cleveland, Ohio 44113

Paul W. Flowers
Paul W. Flowers Co. L.P.A.
Terminal Tower, Suite 1910
50 Public Square
Cleveland, Ohio 44113

George Mineff
Rockefeller Building
614 W. Superior Avenue, Suite 1110
Cleveland, Ohio 44113

Louis R. Moliterno
Williams, Moliterno & Scully Co. L.P.A.
2 Summit Park Drive, Suite 235
Cleveland, Ohio 44131

LARRY A. JONES, SR., J.:

{¶1} Defendants-appellants, the city of Cleveland and Cleveland Police Officer Ryan Sowders ("Officer Sowders"), appeal the trial court's denial of their motion for summary judgment based on statutory immunity in a personal injury case brought by plaintiff-appellee, Noreen Wolf ("Wolf"). For the reasons that follow, we affirm.

## Procedural History and Facts

{¶2} On September 29, 2013, Officer Sowders was driving his patrol car westbound on Lorain Avenue near West 69th Street in Cleveland with his field training officer, Teresa Cavett ("Officer Cavett"). It was late Sunday morning and the officers were driving through a residential and business district. They were traveling at a high rate of speed responding to a call for assistance from another officer who was attempting to apprehend a felony suspect. The officers did not radio in that they were responding to the call. According to Officer Sowders, he had his overhead lights and sirens activated.

{¶3} Wolf had also been traveling westbound on Lorain Avenue. Wolf began to make a left-hand turn onto West 69th Street at the same time Officer Sowders's car attempted to pass her on the left. The cars driven by Wolf and Officer Sowders collided, causing serious injuries to all three parties.

{¶4} Wolf filed suit against Officer Sowders and the city of Cleveland alleging wanton and/or willful and reckless misconduct and negligent conduct. The city and Officer Sowders counterclaimed for property damages and injury. The city and Officer

Sowders subsequently moved for summary judgment based on statutory immunity. The trial court denied the motion, and the city and Officer Sowders filed the instant appeal.

**Assignments of Error**

I. The Trial Court erred when it denied the City of Cleveland's Motion for Summary Judgment because, under R.C. Chapter 2744, the City is immune from liability for the provision of police services.

II. The Trial Court Erred by deciding that certain non-material disputed evidence in the record establishes that Officer Sowders was not entitled to statutory immunity pursuant to Ohio R.C. 2744.03(A)(6).

{¶5} We will discuss the assignments of error together.

**Law and Analysis**

{¶6} As an initial matter, Wolf claims that Officer Sowders should not be permitted to argue on appeal that the trial court erred in denying him immunity because the city's notice of appeal did not designate him individually in accordance with App.R. 3.

{¶7} App.R. 3(D) provides that the notice of appeal "shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." But we recognize that when presented with nonjurisdictional defects in the notice of appeal, "a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), syllabus.

{¶8} We find that the omission of Officer Sowders's name from the notice of

appeal was a nonjurisdictional defect. In its notice of appeal, the city noted that the judgment it was appealing from was attached and "incorporated by reference." That entry, which denied summary judgment, lists both "Ryan Sowders" and the city of Cleveland as defendants. Thus, in looking to the notice of appeal as a whole, we find that it served to put Wolf on sufficient notice of the parties that were appealing the trial court's decision and will consider the merits of the officer's appeal.

**Standard of Review — Summary Judgment**

{¶9} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), the Ohio Supreme Court stated the appropriate test, as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. * * * The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

(Citations omitted.)

{¶10} Once the moving party satisfies its burden, the nonmoving party "may not

rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

**Statutory Immunity**

{¶11} The determination of whether a political subdivision is immune from tort liability under R.C. Chapter 2744 involves a three-tiered analysis. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7. The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. *Id.* at ¶ 8.

{¶12} There are five exceptions to this general rule, which are listed in R.C. 2744.02(B). The second tier of the analysis requires a court to determine whether any of the exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998).

{¶13} If any of these exceptions apply to a political subdivision, the burden shifts, and "the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability." *Colbert* at ¶ 9.

{¶14} Using the three tiers, we start with the premise that Cleveland, as a political

subdivision, is immune from liability. We next consider whether an exception to immunity under R.C. 2744.02(B) applies and, if so, if any of the complete defenses listed in the section also apply. Under the facts of this case, and because Officer Sowders was acting within the scope of his employment at the time of the accident, R.C. 2744.02(B)(1) is the only exception that could apply. R.C. 2744.02(B)(1) provides:

> a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.

{¶15} Therefore, pursuant to R.C. 2744.02(B)(1) Cleveland may be liable for damages if Officer Sowders was operating his zone car in a negligent manner. The analysis does not stop here, however, because R.C. 2744.02(B)(1) also provides three defenses to liability. The trial court found, and we agree, that the only possible defense given the facts of this case is found in R.C. 2744.02(B)(1)(a), which reads: "(a) A member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct."

{¶16} Thus, the city is immune from liability even if Officer Sowders was operating his vehicle *negligently*, if he was also responding to an emergency call and the operation

of his patrol car did not constitute willful or wanton misconduct at the time of the accident.

{¶17} The city of Cleveland and Officer Sowders argue that R.C. 2744.02(B)(1)(a) operates as a full defense to liability because the officer was responding to an emergency call and the operation of his zone car did not constitute "willful or wanton misconduct" at the time of the accident. The trial court found, however, that even though Officer Sowders was operating his patrol car while responding to an emergency call, genuine issues of material fact existed as to whether he operated his vehicle in a wanton, willful, or reckless manner.

{¶18} At this juncture it is important to note that an employee of a political subdivision, in this case Officer Sowders, may also be shielded by immunity from civil liability; however, this analysis is governed by R.C. 2744.03(A)(6). As it applies to this case, R.C. 2744.03(A)(6)(b) provides that an employee of a political subdivision is immune from liability unless the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner. For purposes of immunity, "wanton or reckless" misconduct under R.C. 2744.03(A)(6) is the functional equivalent of "willful or wanton misconduct" under R.C. 2744.02(B)(1)(a). *Wagner v. Heavlin*, 136 Ohio App.3d 719, 731, 737 N.E.2d 989 (7th Dist.2000), citing *Brockman v. Bell*, 78 Ohio App.3d 508, 514-516, 605 N.E.2d 445 (1st Dist.1992). Consequently, if Officer Sowders's conduct does not rise to the level of wanton or reckless misconduct under R.C. 2744.03(A)(6), that same conduct will not rise to the level of willful or wanton misconduct under R.C. 2744.02(B)(1)(a).

**City of Cleveland's Liability**

{¶19} Thus, summary judgment on the issue of the city's immunity is proper only if reasonable minds could conclude that Officer Sowders's operation of his patrol car did not constitute willful or wanton misconduct.

{¶20} This court has previously explained that wanton, willful and/or reckless conduct is conduct that is a degree greater than negligence. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 37. Wanton misconduct is "the failure to exercise any care toward one to whom a duty of care is owed when the failure occurs under circumstances for which the probability of harm is great and when the probability of harm is known to the tortfeasor." *Wagner* at 730-731. Willful conduct involves a more positive mental state than wanton misconduct and implies intent. *Id.* at 731. That intention relates to the conduct, not the result. *Id.*

{¶21} Issues regarding wantonness or willfulness are typically questions for a jury to decide, however, the standard for showing such conduct is high. *Adams v. Ward*, 7th Dist. Mahoning No. 09 MA 25, 2010-Ohio-4851, ¶ 27, citing *Cunningham v. Akron*, 9th Dist. Summit No. 22818, 2006-Ohio-519, ¶ 24. Thus, when the facts presented show that reasonable minds could not conclude that the conduct at issue meets that high standard, a court may, in considering the totality of the circumstances, determine that such conduct is not willful or wanton as a matter of law. *Adams* at *id.,* citing *Ybarra v. Vidra II*, 6th Dist. Wood No. WD-04-061, 2005-Ohio-2497.

{¶22} In this case, the trial court found that there was conflicting evidence with

regard to the rate of speed at which Officer Sowders was traveling, whether he activated the lights and sirens of his zone car, and the nature and circumstances of the collision.

{¶23} Officer Sowders claims that he was driving to an emergency call with his lights and sirens activated. He estimated he was going 50 – 60 m.p.h. before the collision occurred. Officer Cavett testified at deposition that the zone car had both lights and sirens activated and was traveling at a high rate of speed. According to Officer Sowders, Wolf's car was stopped on Lorain Avenue, but did not have its left turn signal activated. Officer Sowders manually changed the "pitch" of the siren in his patrol car from the "standard pitch" to a "high level pitch" as he crossed over the lane of traffic to pass Wolf's car on the left. Officer Sowders explained that it is proper procedure to pass cars on the left because it is dangerous to pass cars on the right hand side. Once Wolf began to turn left, he "employed evasive maneuverers," but was unable to avoid a collision and his car careened into a utility pole. Officer Cavett testified that Officer Sowders tried to avoid Wolf's car but was unable to do so.

{¶24} Sergeant William Lally ("Sergeant Lally") testified that he was the supervisor on duty the day of the accident. He arrived on scene shortly after the collision and investigated the accident. Sergeant Lally learned from the car's onboard trip computer that Officer Sowders had been traveling westbound on Lorain Avenue in excess of 70 m.p.h. He also discovered that, contrary to the departmental policy, Officer Sowders failed to slow or stop at the intersection just east of where the collision occurred. Sergeant Lally testified that he was "troubled" by this discovery because both Officers

Sowders and Officer Cavett had told him that Sowders had "stopped" his car at that intersection.

**{¶25}** Sergeant Lally also explained that the department's patrol cars have lights and sirens that work simultaneously. He testified that the overhead light switch has three positions: "off," "rear lights on," and "on." If the switch is in the "on" position, the lights and sirens are both on, unless there is a failure in the siren system. He testified that it is standard for officers to toggle the switch all the way to the right to the "on" position when responding to emergency calls, which would mean both lights and sirens are active.

**{¶26}** As a result of his investigation, Sergeant Lally recommended both officers be brought up on internal charges — Officer Sowders for excessive speed and failure to use due care and Officer Cavett for failure to properly direct a probationary officer.

**{¶27}** Wolf testified at deposition that she did not see the patrol car before the accident. According to Wolf, she was stopped on Lorain Avenue waiting to turn southbound on W. 69th Street for "about 30 seconds" before she started to make the turn, because she is a "very cautious driver." During her deposition she testified that she did not hear sirens or see the patrol car's overhead lights before the accident. But contrary to her deposition testimony, during her interview with Sergeant Lally, Wolf told the sergeant that she heard the patrol car's sirens shortly before the collision.

**{¶28}** Eyewitness Bobby Sayre testified at deposition that he was traveling eastbound on Lorain Avenue the morning of the accident and saw the collision. He remembered that the zone car had its lights activated but did not hear a police siren.

Eyewitness Gesualdo Trainan testified he heard a loud car racing down Lorain Avenue and looked out his apartment window. He saw a police car collide with another car. He did not remember seeing the oscillating lights on the police car or hearing its sirens.

{¶29} As part of pretrial discover, Wolf submitted an expert report by two accident reconstructionists. The experts gave their preliminary opinion that the proximate cause of the crash was the reckless manner in which Officer Sowders was operating his police cruiser at the time of and just prior to the crash by "passing vehicles in a no passing zone, in a business district with numerous driveways and intersections at a speed of approximately 67 m.p.h.[,] or 42 m.p.h. above the posted speed limit of 25 m.p.h."

**Officer Sowders's Individual Liability**

{¶30} Again, as it applies to this case and pursuant to R.C. 2744.03(A)(6), Officer Sowders is immune from liability unless he acted with malicious purpose, in bad faith, wantonly, or recklessly. Wolf has alleged that Officer Sowders acted wantonly or recklessly. "Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Hunt v. Cleveland*, 8th Dist. Cuyahoga No. 103468, 2016-Ohio-3176, ¶ 22, citing *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, paragraphs two and three of the syllabus.

{¶31} In *Hunt*, this court found that the city and a police officer were properly

denied summary judgment based on immunity when there was conflicting evidence with regard to the rate of speed at which the police officer was traveling, which driver had a green light, and whether the officer's zone car's lights and siren were activated; thus there were genuine issues of material fact as to whether the officer operated his zone car in a wanton, willful, or reckless manner so as to preclude a finding of liability. *Id.* at ¶ 28.

{¶32} Likewise, in this case, we agree with the trial court that genuine issues of material fact remain regarding whether the city of Cleveland and Officer Sowders were entitled to immunity. There is conflicting evidence with regard to whether Officer Sowders's patrol car's lights and sirens were activated and whether he followed proper procedure during the emergency call. Thus, there are genuine issues of material fact as to whether Officer Sowders operated his zone car in a wanton, willful, or reckless manner so as to preclude a finding of liability. It is, of course, possible that the trier of fact will conclude that Officer Sowders was not acting as alleged and therefore he and the city of Cleveland may still be entitled to immunity. *See Hunt* at *id.*

{¶33} In light of the above, the assignments of error are overruled.

{¶34} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR