COOK et al., Appellants,

v.

HUBBARD EXEMPTED VILLAGE BOARD OF EDUCATION et al., Appellees.

[Cite as *Cook v. Hubbard Exempted Village Bd. of Edn.* (1996), 116 Ohio App.3d 564.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5224.

Decided Dec. 2, 1996.

*Tackett, Zapka & Leuchtag, Dennis W. Tackett* and *Dennis P. Zapka,* for appellants.

*John T. DeFazio,* for appellees.

JOSEPH E. MAHONEY, Judge.

Plaintiffs-appellants, Robert Cook, Sr., Brenda Cook, and Robert Cook, Jr., appeal from the trial court's decision granting summary judgment in favor of defendants-appellees, Hubbard Exempted Village Board of Education, Jeannette Williams, and Richard Buchenic. For the reason that follow, we affirm.

On December 11, 1991, appellant, Robert Cook, Jr. ("Cook"), and a friend were involved in an altercation with another student in the hallways of Hubbard High School. A fourth student, Robert Easton, joined the melee.

Three teachers, Richard Clark, Robert Williams, and Robert Riffle, came out of their classrooms to break up the fight. The boys were eventually separated by

the teachers, but Cook ended up on the floor complaining that his ankle hurt, apparently from a blow he received from Easton.

A wheelchair was summoned and Cook was taken to the nurse's office, where ice was placed on his ankle. The school nurse, Jeannette Williams, attempted to contact Cook's parents. Although unable to reach Cook's parents, Williams was able to contact another family member, who sent Cook's brother-in-law to the high school. Williams did not suspect that Cook's ankle was broken, and no ambulance was called.

While Williams attempted to contact Cook's parents, principal Richard Buchenic questioned Cook and the other students concerning the fight. Cook stated that, while attempting to ascertain his involvement in the fight, Buchenic "tortured" him.[1] During this questioning, Cook admitted his involvement in the altercation. Buchenic suspended Cook and the other students who he determined were involved in the fight.

Cook was subsequently wheeled to his brother-in-law's car. As he was being helped into the car, Williams asked him whether he wanted an ambulance. Cook ignored her question. Cook was subsequently taken to a hospital, where it was revealed that he had suffered a fractured ankle.

On December 9, 1993, appellants filed a complaint for damages against appellees. Also included as defendants in the complaint were Easton and his parents, Robert and Janet Easton. The complaint against Richard Clark, Robert Williams, and Robert Riffle, the teachers who broke up the fight, was dismissed without prejudice by appellant pursuant to Civ.R. 41(A)(1).

After substantial discovery, the remaining parties to the lawsuit each moved for summary judgment. On March 16, 1995, the trial court issued a judgment entry that denied the Eastons' motion. However, that same day, the trial court granted appellees' motion for summary judgment. The trial court reasoned that the school employees were immune from liability, pursuant to R.C. 2744.03(A)(6), and that the exceptions to nonliability had not been met. Specifically, there was

---

1. At his deposition, Cook stated the following:

"Q. Mr. Buchenic is named as a Defendant in this lawsuit, can you tell me why you think she [sic] should pay you money damages?

"A. When I was sitting in that nurse's office, I couldn't see straight, couldn't hear straight, the pain I was going through with my leg, the pain in my ear, he came in, it's really hard for somebody not to spot blood coming out of an ear, and a double compound fracture, he tortured me while I was sitting there. Asking me all these questions instead of asking me about my welfare.

"Q. Is that what you mean when you say torture?

"A. In a sense.

"Q. Don't tell me in a sense, is that what you mean?

"A. Yeah."

no evidence that Williams's or Buchenic's actions "were with malicious purpose, in bad faith, or in a wanton or reckless manner."

The trial court further held that the school board was immune from liability under R.C. 2744.03(A)(3) and (5) because the actions or failures to act by its employees were a discretionary function that was not exercised in a malicious or any other forbidden manner.

Appellants have filed a timely appeal and now present the following assignments of error:

"1. The lower court erred in granting the motion for summary judgment as to the individually named school board employees.

"2. The lower court erred in granting the motion for summary judgment as to the Hubbard Exempted Village Board of Education."

Initially, we note that summary judgment may be granted pursuant to Civ.R. 56(C) when "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. This forces "the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099; see *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264, 275. The nonmoving party may not rest upon the allegations or denials of his pleadings; rather he must set forth facts, by affidavit or otherwise, showing that there is a genuine issue for trial. Civ.R. 56(E); *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

With the above standard in mind, we address appellants' first assignment of error, that the trial court erred in granting summary judgment in favor of Williams and Buchenic.

A school district is a political subdivision as defined by R.C. 2744.01(F). As such, it is governed by R.C. 2744.02(A)(1), which sets forth the general rule that "a political subdivision is not liable in damages in a civil action for injury * * * caused by any act or omission of * * * an employee of the political subdivision * * *." While R.C. 2744.02(B) provides several exceptions to the general rule,

R.C. 2744.03 provides exceptions to the exceptions, which, if applicable, reinstate the general rule that a political subdivision is not liable.

R.C. 2744.03(A)(6) also provides immunity to employees of a political subdivision unless one of the following exceptions applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) *His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;*

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code." (Emphasis added.)

Appellants' sole argument in their first assignment of error is that the actions of Williams and Buchenic showed a conscious disregard for the well-being of Cook and crossed over the line of negligence to at least recklessness, if not willful and malicious conduct. Thus, appellants argue, the immunity provided to governmental employees under R.C. 2744.03(A)(6) is inapplicable. We disagree.

The terms malicious purpose, bad faith, wanton and reckless were defined in *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76 Ohio App.3d 448, 453–454, 602 N.E.2d 363, 367, as follows:

■ "As to whether conduct would reflect a malicious purpose, the Supreme Court has held that ' "[m]alicious" means "indulging or exercising malice; harboring ill will or enmity." ' Furthermore, 'malice' can be defined as the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified.

" * * *

■ " '[B]ad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.' [Quoting *Slater v. Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, 187 N.E.2d 45, paragraph two of syllabus.]

■ "Finally, an individual acts in a 'reckless' manner ' "if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." ' " (Citations omitted.)

■ Appellants have failed to meet their burden in order to avoid summary judgment. They have failed to set forth facts showing that appellees' actions

constituted reckless or wanton conduct or were made in bad faith, so as to lose their immunity under R.C. 2744.03(A)(6). Further, there is no evidence that Cook suffered any additional injury, let alone any "torture," as a result of any action on the part of Williams and Buchenic. Therefore, the trial court's judgment granting Buchenic and Williams summary judgment was proper. Appellants' first assignment of error is without merit.

In their second assignment of error, appellants argue that the trial court erred in granting summary judgment in favor of the Hubbard Exempted Village Board of Education. We disagree.

■ As previously noted, R.C. 2744.02(B) provides several exceptions to the immunity granted political subdivisions for injuries caused by the acts or omissions of their employees. Appellants argue that the fourth exception to subsection (B) is applicable to their case:

"[P]olitical subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *."

This court has previously held that, in interpreting R.C. 2744.02(B) as a whole, R.C. 2744.02(B)(4) applies only to the maintenance of governmental property. *Doe v. Jefferson Area Local School Dist.* (1994), 97 Ohio App.3d 11, 13, 646 N.E.2d 187, 188–189. As Cook's injuries were not the result of the maintenance of Hubbard High School, appellant's reliance on R.C. 2744.02(B)(4) is misplaced.

■ Furthermore, even if appellants were successful in establishing an exception to the immunity granted political subdivisions under R.C. 2744.02(A)(1), R.C. 2744.03(A) defines several situations where a political subdivision will still not be held liable. Specifically, R.C. 2744.03(A)(3) and (5) are applicable to appellees' case.

R.C. 2744.03(A)(3) provides:

"The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee."

■ Buchenic, as the principal, is in charge of the day-to-day operations of Hubbard High School. He has the obligation to maintain order and ensure a proper learning environment for his students. To this end, Buchenic must have discretion to take action that he deems necessary to resolve situations that arise at the school. As aptly stated by the trial court in its judgment entry, "Principal

Buchenic had the duty to clear the hallway, once the fight was broken up, and to determine who was responsible for creating the disturbance. It was incumbent on him to immediately identify the perpetrators and to suspend them from school, in a manner comporting with due process standards, so that the proper learning environment could be restored. Thus, interrogating the students, including Plaintiff Cook, was well within his responsibilities to maintain law and order in the high school."

Furthermore, R.C. 2744.03(A)(5) provides:

"The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

As we have already determined, in appellants' first assignment of error, neither Buchenic nor Williams acted recklessly or with a malicious purpose in their conduct towards Cook. Thus, the relevant inquiry as to Williams's conduct is whether she had discretion in the performance of her duties.

Appellants argue that Williams had no such discretion because of a school policy to contact the child's parents when an emergency develops and "to call an ambulance when needed." The fact that the school nurse does not need to call an ambulance every time a medical emergency arises indicates that Williams has discretion in such matters. The situation cannot be compared to our decision in *Roper v. Bristolville Local School Dist.* (May 13, 1994), Trumbull App. No. 93-T-4933, unreported, 1994 WL 197306. In *Roper*, this court held that a student who was hired by a school district to hold a rope along a boundary line of a basketball court during games did not exercise judgment or discretion in the mere holding of the rope in order to cause the political subdivision to be immune from liability for the student employee's tort. The case *sub judice* cannot seriously be compared to the student employee in *Roper*. Here, the decision to call or not call an ambulance involved the exercise of Williams's discretion as contemplated by school policy. Accordingly, the trial court did not err in granting appellees' motion for summary judgment. Appellants' second assignment of error is without merit.

Based on the foregoing, appellants' first and second assignments of error are without merit, and the trial court's judgment is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and NADER, J., concur.