[Cite as *Afjeh v. Ottawa Hills*, 2015-Ohio-3483.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Nasrin Afjeh                                          Court of Appeals No. L-14-1267

      Appellant                               Trial Court No. CI0201205227

v.

Village of Ottawa Hills, et al.                **DECISION AND JUDGMENT**

      Appellee                                 Decided:  August 26, 2015

* * * * *

D. Joe Griffith, for appellant.

Joan C. Szuberla, Byron S. Choka, Sarah A. McHugh and Jerome
Phillips, for appellee Sarah A. McHugh.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} This is an appeal from an order of the Lucas County Court of Common

Pleas, granting appellee's, Sarah McHugh, motion for summary judgment on appellant's,

Nasrin Afjeh, action for assault, battery, and abuse of process.  We affirm.

## A. Facts and Procedural History

**{¶ 2}** Appellant is a resident of the village of Ottawa Hills. Appellee has been serving as village solicitor for Ottawa Hills since 2006. Appellant and the village of Ottawa Hills have had several disputes since 1998. The current dispute centers on appellant's property in Ottawa Hills. The property was first deemed to be a nuisance by Toledo Municipal Court on October 7, 2004. That decision was affirmed by this court. *Village of Ottawa Hills v. Afjeh*, 6th Dist. Lucas No. L-04-1297, 2006-Ohio-2618. Appellee, acting in her capacity as solicitor, filed two show cause motions in Toledo Municipal Court in 2010 and 2011 against appellant after appellant failed to make the required changes to her property. Appellant was given two contempt citations as a result of these proceedings. Both citations were later affirmed by this court. *Village of Ottawa Hills v. Afjeh*, 6th Dist. Lucas No. L-10-1353, 2012-Ohio-125; *Village of Ottawa Hills v. Afjeh*, 6th Dist. Lucas No. L-12-1093, 2013-Ohio-1474.

**{¶ 3}** On August 4, 2010, appellant and appellee were in attendance of a property maintenance meeting along with the other members of the Village Property and Maintenance Committee. The mayor, village manager, and appellant's husband were also present. The purpose of the meeting was so appellant could appeal the determination that her property was a nuisance. At the time of the meeting, appellant used a wheelchair as her right leg was in a cast.

**{¶ 4}** Following the meeting, appellant struck up a conversation with a neighbor, Richard Levi. Appellant told Levi appellee allegedly lied about a city employee's actions

2.

while attending another unrelated meeting. This conversation occurred in the hallway. Appellee states that appellant's wheelchair was wedged in the only doorway to the meeting room, which meant no one else could enter or leave the room.

{¶ 5} Because appellant was blocking the only entrance and exit from the meeting room, appellee asked appellant to move her wheelchair out of the way. When appellant refused, Ottawa Hills police officer Chris Sargent, and appellee, each grabbed an arm of her wheelchair and pushed the wheelchair out of the way of the other guests. Appellant then yelled for them to stop. In response to her shouting, appellant's husband then took control of her wheelchair and left the building. Appellee and appellant agree the entire incident was brief and took between 15 and 30 seconds.

{¶ 6} Appellant testified in her deposition she "wiggled" between appellee and Officer Sargent, while they pushed the wheelchair out of the way. Appellant's affidavit attached to her motion in opposition to the motion for summary judgment states appellee yanked and shook appellant's wheelchair. Appellant claims her wheelchair was violently shaken in this process and as a result she suffered further injury to her leg which was already in a cast.

{¶ 7} On September 10, 2012, appellant filed a complaint against the village of Ottawa Hills and appellee for abuse of process, assault, and battery. Following discovery, appellee filed a motion for summary judgment which was granted by the trial court on November 13, 2014. Thereafter, appellant filed this appeal with respect to her

3.

claims for assault and battery against appellee. She did not include her claims against the village of Ottawa Hills in her notice of appeal.

## B. Assignment of Error

{¶ 8} Appellant raises one assignment of error:

> The Trial Court erred in granting summary judgment as to Mrs. Afjeh's claims for assault and battery.

## II. Analysis

{¶ 9} A motion for summary judgment is reviewed de novo by an appellate court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "'When reviewing a trial court's ruling on summary judgment the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'" *Gunsorek v. Pingue*, 135 Ohio App.3d 695, 700, 735 N.E.2d 487 (10th Dist.1999), quoting *Baker v. Buschman Co.*, 127 Ohio App.3d 561, 566, 713 N.E.2d 487 (12th Dist.1998).

{¶ 10} In order to prevail on a motion for summary judgment, the moving party "must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994), citing *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 65-66, 609 N.E.2d 144 (1993); *see also* Civ.R. 56(C). A trial court must grant the motion with caution and

4.

must be "careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 671 N.E.2d 1129 (1993), citing *Murphy v. City of Reynoldsburg*, 65 Ohio St.3d 356, 359, 604 N.E.2d 138 (1992).

{¶ 11} When making a motion for summary judgment, a moving party "must specifically delineate the basis upon which summary judgment is sought * * *." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus. The moving party must also identify those parts of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Should this burden be met, the nonmoving party must respond with specific facts demonstrating that a genuine issue of material fact exists. *Id*. A "material fact" is one which would affect the outcome of the suit. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999), citing *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827, 675 N.E.2d 514 (8th Dist.1996).

{¶ 12} In general, an employee of a political subdivision is immune from civil actions. *See* R.C. 2744.03(A)(6). There are three exceptions to this immunity: (1) acts or omissions outside the scope of employment; (2) acts or omissions made with "malicious purpose, in bad faith, or in wanton or reckless manner"; and (3) when liability is expressly imposed by the Revised Code. R.C. 2744.03(A)(6). We find that appellee discharged her initial summary judgment burden. Thus, to defeat appellee's motion for

5.

summary judgment in this case, appellant must demonstrate a genuine issue of material fact in relation to one of the exceptions. *See Dresher* at 293.

## A. Scope of Employment

{¶ 13} We find appellee was acting within the scope of her employment at the time of the incident. Though R.C. Chapter 2744 does not define the behaviors that are outside the scope of employment, Ohio courts have generally drawn from agency principles to hold that "'[c]onduct is within the scope of employment if it is initiated, in part to further or promote the master's business.'" *Jackson v. McDonald*, 144 Ohio App.3d 301, 307, 760 N.E.2d 24 (5th Dist.2001), quoting *Martin v. Cent. Ohio Transit Auth.*, 70 Ohio App.3d 83, 92, 590 N.E.2d 411 (10th Dist.1990). "'An employee's wrongful act, even if it is unnecessary, unjustified, excessive or improper, does not automatically take the act manifestly outside the scope of employment.'" *Id.* at 306, quoting *Elliot v. Ohio Dept. of Rehab. & Corr.*, 92 Ohio App.3d 772, 775, 637 N.E.2d 106 (10th Dist.1994). To overcome the presumption of immunity granted to an employee of a political subdivision, the act by the employee "'must be so divergent that it severs the employer-employee relationship.'" *Id.* at 307, quoting *Elliot* at 775.

{¶ 14} Here, we conclude that appellee was acting within the scope of her employment. Indeed, she attended the meeting in her official capacity as village solicitor. Though the meeting had ended at the time of the incident, people were still in the village offices and were attempting to leave the meeting. Appellant prevented this from happening by blocking the only exit. Appellee was attempting to clear the building

6.

following the completion of the meeting. This act was not so divergent as to sever the relationship between employer and employee. We therefore find that appellant has failed to show a genuine issue of material fact that would lead a reasonable mind to conclude appellee was not acting within the scope of her employment.

## B. Malicious Purpose, Bad Faith, Wanton or Reckless Conduct

{¶ 15} Appellant next claims that appellee handled her wheelchair with a malicious purpose, in bad faith, or in a wanton or reckless manner. We disagree. Generally, issues concerning malicious purpose, bad faith, or wanton or reckless conduct are questions for the jury to decide. *Schoenfield v. Navarre*, 164 Ohio App.3d 571, 2005-Ohio-6407, 843 N.E.2d 234, ¶ 24 (6th Dist.), citing *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994). However, "summary judgment is appropriate in instances where the alleged tortfeasor's actions show 'that he did not intend to cause any harm***, did not breach a known duty through an ulterior motive or ill will, [and] did not have a dishonest purpose.'" *Id.*, quoting *Fox v. Daley*, 11th Dist. Trumbull No. 96-T-5453, 1997 WL 663670 (Sept. 7, 1997).

{¶ 16} Here, appellant failed to show that appellee acted with a malicious purpose. Malicious purpose is the "'willful and intentional design to do injury, or the intention or desire to harm another, usually seriously through * * * unlawful or unjustified conduct.'" *Id.* at ¶ 22, quoting *Cook v. Hubbard Exempted Village Bd. of Edn.*, 116 Ohio App.3d 564, 569, 688 N.E.2d 1058 (11th Dist.1996). Appellant has not pointed to any evidence establishing that appellee acted with a "willful and intentional design." Appellant claims

7.

appellee moved appellant's wheelchair in a violent manner in an effort to intimidate her. Appellant even attempts to claim the shaking of the wheelchair was similar to punching appellant in the nose. We find this claim to be unsubstantiated. Appellant stated in her deposition that appellee asked her to "Please, move." This polite request belies appellant's claim that appellee acted in a malicious manner. Appellant has not met her burden to point to specific evidence showing appellee acted in a malicious manner.

{¶ 17} Appellant has also failed to show any bad faith on the part of appellee. Bad faith is akin to a "'dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud.'" *Id.*, quoting *Jackson* at 309. Appellant claims appellee acted with the dishonest purpose of intimidating her when she moved appellant's wheelchair out of the way so other attendees could leave the meeting. We find no evidence to show appellee acted with such a purpose. Rather, the record demonstrates that appellee's intent was to move appellant's wheelchair so that people who attended the meeting could leave. Appellee did not act with conscious wrongdoing or an ulterior motive.

{¶ 18} Appellant has also failed to show any wanton misconduct on the part of appellee. "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is a great possibility that harm will result." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 33. Simply moving a wheelchair out of a hallway does not create a circumstance in which there is a "great possibility that harm will result." *Id.* Appellant stated that

8.

appellee and Sargent each grabbed one of the handles of the wheelchair, causing her to "wiggle" in between the two of them as they moved her wheelchair. Appellant has not shown that appellee failed to show her any care in the movement of the wheelchair.

{¶ 19} Finally, appellant has not shown appellee was reckless in her actions at the village offices. Reckless conduct is "characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.*, citing *Thompson v. McNeill*, 53 Ohio St.3d 102, 104-105, 559 N.E.2d 705 (1990). Once again, moving a wheelchair to make room in a hallway does not pose a known or obvious risk of harm to another. Appellee's actions were also not unreasonable under the circumstances.

{¶ 20} As appellant has failed to show any issue of material fact that would cause a reasonable mind to conclude appellee is not entitled to qualified immunity, we hold that appellant's assignment of error is not well-taken.

### III. Conclusion

{¶ 21} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                          JUDGE

Thomas J. Osowik, J.

                                                  _____
Stephen A. Yarbrough, P.J.                        JUDGE
CONCUR.

                                                  _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.