[Cite as *Simon v. Mitchell*, 2017-Ohio-671.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Anthony Simon

       Appellant

v.

Terry Mitchell, et al.

       Appellee

Court of Appeals No. OT-16-002

Trial Court No. 13CV137

**DECISION AND JUDGMENT**

Decided: February 24, 2017

* * * * *

Wesley M. Miller Jr., for appellant.

Frank H. Scialdone and Cara M. Wright, for appellee.

* * * * *

**JENSEN, P.J.**

{¶ 1} Plaintiff-appellant, Anthony Simon, appeals the July 7, 2015 judgment of the Ottawa County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Terry Mitchell. For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} Anthony Simon and his neighbors, Wayne and Dorothy Fondessy, have been embroiled in property disputes for a number of years. Some of those disagreements involved allegations that Simon sprayed weed killer on the Fondessys' vegetation, expelled water from his basement and directed it toward the Fondessys' property, blew leaves and wood chips over the property line, and engaged in confrontational behavior. At times, law enforcement officials were called to intervene, and Simon faced criminal charges on several occasions. The Fondessys also obtained a civil protection order against him.

{¶ 3} On April 15, 2013, Anthony Simon filed a complaint against the Fondessys, the Chief of the Clay Township police department, Terry Mitchell, and Clay Township police officer, Jamie Blausey. Collectively, he alleged 14 counts against them:

Count I—malicious prosecution for criminal trespass against Mitchell;

Count II—malicious prosecution for disorderly conduct against Mitchell;

Count III—malicious prosecution for criminal damaging against Blausey;

Count IV—malicious prosecution for criminal trespass against the Fondessys;

Count V—malicious prosecution for disorderly conduct against the Fondessys;

Count VI—malicious prosecution for criminal damaging against the Fondessys;

Count VII—false arrest for criminal trespass against Mitchell;

Count VIII—false arrest for disorderly conduct against Mitchell;

Count IX—false arrest for criminal damaging against Blausey;

2.

Count X—false arrest/imprisonment for criminal trespass against the Fondessys;

Count XI—false arrest/imprisonment for disorderly conduct against the Fondessys;

Count XII—false arrest/imprisonment for criminal damaging against the Fondessys;

Count XIII—abuse of process against Mitchell; and

Count XIV—intentional infliction of emotional distress against all defendants.

{¶ 4} These causes of action stem from two criminal complaints: (1) a June 26, 2011 complaint that Simon "did cause or create a substantial risk of physical harm to the grass and trees" on the Fondessys' property; and (2) a September 16, 2011 complaint arising from a report from Mr. Fondessy that Simon pumped "his basement water from a hose from his basement [six feet] from [the Fondessys'] property line." Officer Blausey signed the June 26, 2011 complaint, and Chief Mitchell signed the September 16, 2011 complaint. Simon was charged with criminal damaging as to the first incident, and he was charged with criminal trespass and criminal damaging as to the second incident.

{¶ 5} All defendants filed motions for summary judgment. Simon conceded that summary judgment was appropriate as to all claims against Blausey, and as to the false arrest and abuse of process claims against Mitchell.

{¶ 6} In a judgment dated July 7, 2015, the trial court granted summary judgment in favor of Mitchell, holding that he is immune from liability under R.C. 2744.03, et seq. With respect to the Fondessys, the court granted their motion as to the false arrest and

3.

intentional infliction of emotional distress claims, but denied the motion as to the malicious prosecution claim.

{¶ 7} Simon appealed the trial court judgment as to Mitchell only. In his appeal, he attempts to reassert the abuse-of-process claim that he previously conceded, and he assigns the following errors for our review:

Assignment of Error I.

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT TO THE DEFENDANT OFFICER BASED ON IMMUNITY.

Assignment of Error II.

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT TO THE DEFENDANT OFFICER BASED ON NO GENUINE ISSUE OF MATERIAL FACT FOR EACH OF THOSE CLAIMS.

## II. Standard of Review

{¶ 8} Appellate review of a summary judgment is de novo, *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), employing the same standard as trial courts. *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The motion may be granted only when it is demonstrated:

4.

(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

{¶ 9} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 201 (1986).

5.

## III. Law and Analysis

{¶ 10} Simon contends that the trial court erred in concluding that Chief Mitchell is immune from liability under R.C. 2744.03. He also argues that there is a genuine issue of material fact as to the claims asserted against Chief Mitchell. Appellant's assignments of error will be addressed together.

{¶ 11} Simon purports to incorporate by reference the arguments made in his brief in opposition to Chief Mitchell's motion for summary judgment. Chief Mitchell points out, and we agree, that this is inappropriate. "It is well-established that 'the Rules of Appellate Procedure do not permit parties to "incorporate by reference" arguments from other sources.'" (Internal quotations and citations omitted.) *Ebbing v. Lawhorn*, 12th Dist. Butler No. CA2011-07-125, 2012-Ohio-3200, ¶ 31. "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to an alleged error." *Id.,* citing *Cireddu v. Cireddu*, 8th Dist. No. 76784, 2000 Ohio App. LEXIS 4076, *26-27 (Sept. 7, 2000).

{¶ 12} Having said this, the theme of Simon's claims against Chief Mitchell is that the two have a long history of disagreements dating back to before Mitchell was promoted to chief. Simon maintains that Chief Mitchell's predecessor viewed the dispute concerning the drain pipe as a civil dispute between neighbors—not a criminal dispute. Simon also emphasizes that the criminal trespass charge was dismissed at the request of the prosecutor, and the disorderly conduct charge was dismissed by the court on a Crim.R. 29 motion.

6.

**{¶ 13}** Chief Mitchell argues that he investigated the claims, conferred with the prosecuting attorney before filing charges against Simon relating to the drain pipe, and contacted Simon's attorney to try to resolve the incident without criminal charges being filed. He explains that Simon "refused to participate in extrajudicial resolution of the dispute and instructed, through his counsel, that charges be filed." He insists that in light of these facts, there is no evidence to rebut the presumption of immunity, and he is, therefore, immune without exception.

**{¶ 14}** Where a person is an employee of a political subdivision, under R.C. 2744.03(A)(6), he or she will be immune from liability for "injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function," except under limited circumstances. That statute provides:

> (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

7.

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. * * *

{¶ 15} "R.C. 2744.03(A)(6) operates as a presumption of immunity."  (Citation omitted.)  *Jackson v. McDonald*, 144 Ohio App.3d 301, 308, 760 N.E.2d 23, 760 N.E.2d 24 (5th Dist.2001).  Generally, whether a political subdivision employee is entitled to immunity is a question of law.  *Pernell v. Bills*, 6th Dist. Lucas No. L-09-1082, 2009-Ohio-6493, ¶ 10.

{¶ 16} Simon does not argue that Mitchell's actions were manifestly outside the scope of his employment.  He does not argue that liability is expressly imposed under another section of the revised code.  His claims revolve around whether Mitchell acted "with malicious purpose, in bad faith, or in a wanton or reckless manner," under subsection (b).

{¶ 17} "Malicious purpose" is the "willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through * * * unlawful or unjustified" conduct.  *Schoenfield v. Navarre*, 164 Ohio App.3d 571, 2005-Ohio-6407, 843 N.E.2d 234, ¶ 22 (6th Dist.), quoting *Cook v. Hubbard Exempted Village Bd. of Edn.*, 116 Ohio App.3d 564, 569, 688 N.E.2d 1058 (11th Dist.1996).

{¶ 18} "Bad faith" connotes a "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud."  *Id.*, quoting *Jackson*, 144 Ohio App.3d 301, 309, 760 N.E.2d 23, 760 N.E.2d 24.

8.

{¶ 19} "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson v. City of Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 33, *reconsideration denied*, 133 Ohio St.3d 1511, 2012-Ohio-6209, 979 N.E.2d 1289.

{¶ 20} And "reckless conduct" is "characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.*

{¶ 21} Generally, issues regarding malice, bad faith, and wanton or reckless behavior are questions presented to the jury. *Schoenfield*, 164 Ohio App.3d 571, 2005-Ohio-6407, 843 N.E.2d 234, at ¶ 24. But where the record lacks evidence demonstrating that the political subdivision employee acted in such a manner, a trial court correctly grants summary judgment. *Price v. Telb*, 6th Dist. Lucas No. L-08-1099, 2009-Ohio-3496, ¶ 9.

{¶ 22} Here, we find that Simon has failed to present evidence sufficient to create a genuine issue of material fact to rebut the presumption of immunity. While Simon and Chief Mitchell may have had disagreements over the years, the charges at issue in Simon's complaint were investigated and were filed after consultation with the prosecuting attorney.

{¶ 23} In *Hunt v. Morrow Cty.*, 5th Dist. Morrow No. 08 CA 13, 2009-Ohio-4313, the plaintiff sued a sheriff's deputy after the deputy arrested him for violating a civil

9.

protection order with which he had not been served. The court observed that the deputy had contacted the prosecutor and sheriff in an attempt to verify service, and it concluded that "assuming that the advice provided by [the prosecutor and sheriff] was incorrect, such can only be construed as negligence at best, not wanton or reckless." *Id.* at ¶ 50. It held that the deputy was immune from liability.

**{¶ 24}** We reach the same conclusion here. We do so despite the fact that the disorderly conduct charge was later dismissed under Crim.R. 29, and the criminal trespass charge was dismissed at the request of the prosecutor.

**{¶ 25}** Accordingly, we find that the trial court properly concluded that Chief Mitchell was entitled to statutory immunity under R.C. 2744.03, and we find Simon's assignments of error not well-taken.

### IV. Conclusion

**{¶ 26}** The trial court properly granted summary judgment in favor of Mitchell. We, therefore, affirm the July 7, 2015 judgment of the Ottawa County Court of Common Pleas. The costs of this appeal are assessed to Simon pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                               _____
                                                                  JUDGE

Thomas J. Osowik, J.

                              _____
James D. Jensen, P.J.                                      JUDGE
CONCUR.

                              _____
                                                                   JUDGE

11.